UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARVIN A. SICHERMAN, TRUSTEE** | ) | **CASE NO.1:14CV762** |
| | ) | |
| **Appellant,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **NATIONAL CREDIT UNION** | ) | <u>**OPINION AND ORDER**</u> |
| **ADMINISTRATION BOARD, ACTING** | ) | |
| **IN ITS CAPACITY AS LIQUIDATING** | ) | |
| **AGENT FOR ST. PAUL CROATIAN** | ) | |
| **FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| **Appellee.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on the Appeal of the Trustee, Marvin A. Sicherman, from the decision of the Bankruptcy Court holding that the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA") overrides the Bankruptcy Court's jurisdiction over property the Trustee contends is property of the bankruptcy estate. For the following reasons, the Court affirms the decision of the Bankruptcy Court and dismisses the appeal.

Appellant Trustee appeals the Order Dismissing Adversary Proceeding entered by the Bankruptcy Court. In its Order, the Bankruptcy Court determined it lacked subject matter jurisdiction over the proceeding under 12 U.S.C. §1787(b)(13(D). Appellant appeals on three bases:

1) Pursuant to 28 U.S.C. § 1334(e), the Bankruptcy Court has exclusive jurisdiction over the property of a bankruptcy estate. The real estate at issue is property of debtors, therefore, it is property of the bankruptcy estate (11 U.S.C. §541) and the Bankruptcy Court has subject matter jurisdiction over it.

2) The Trustee's filing of an Adversary Proceeding in response to Appellee's Motion for Relief from Stay, filed with the Bankruptcy Court, was not a claim or action so as to trigger 12 U.S.C. § 1787(b)(13)(D).

3)      The Trustee does not have a claim that could be asserted under the Financial Institution Reform, Recovery, and Enforcement Act therefore, 12 U.S.C. § 1787(b)(13)(D) does not apply and to find otherwise would leave the Trustee without an avenue to be heard and would deprive him of due process.

The National Credit Union Administration ("NCUA") is an independent agency of the executive branch of the United States government.  Its mission is to charter, regulate and insure federal credit unions.  "If NCUA finds that a credit union is insolvent or (in some circumstances) undercapitalized, it must place the credit union in conservatorship or liquidation and appoint itself as conservator or liquidating agent.  NCUA then steps into the shoes of the credit union and succeeds to 'all rights, titles, powers, and privileges of the credit union ....'" *National Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.* 764 F.3d 1199, 1203 (10th Cir. 2014) *citing* 12 U.S.C. §§ 1787(a)(1)(A), (a)(3)(A) and 1787(b)(2)(A)(i).

The NCUA is governed by the NCUA Board ("NCUAB"), which is the Appellee in this action.  St. Paul Croatian Federal Credit Union is a federally chartered and insured credit union.  On or about April 30, 2010, the NCUAB placed St Paul into involuntary liquidation due to insolvency and appointed itself liquidating agent over St. Paul.   Pursuant to 12 U.S.C. §1787(b)(2)(A), a liquidating agent succeeds to all rights, titles, powers and privileges of the subject federal credit union.

 Vincent and Virginia Globokar ("Debtors") owned real property located in Euclid, Ohio.  The property was purchased in 1977 through a loan and mortgage with American Mutual Life Association.  In 1998, the loan from American Mutual was refinanced through First Indiana Bank.  In 2002, the Globokars executed a note and mortgage in connection with

2

a refinancing of the First Indiana loan through St. Paul .  In 2003, the Globokars sought to reduce the interest rate on the St. Paul Note by restructuring the 2002 Note.  There is a factual dispute whether the Globokars executed the 2003 Note and Mortgage.  On October 18, 2012, Vincent and Virginia Globokar ("Debtors") filed for Chapter 7 bankruptcy protection with the Bankruptcy Court for the Northern District of Ohio.  Appellant Marvin A. Sicherman ("Trustee") was appointed Trustee in the Debtor's case.   On November 15, 2012, the NCUAB, acting as liquidating agent for St. Paul, filed a Motion for Relief from Stay and Abandonment for the real property of the Globokars.  The Trustee filed an objection to NCUAB's Motion for Relief from Stay on November 18, 2012, contending that the mortgage between the Globokars and St. Paul was defective because the Globokars never executed the mortgage as Vincent's signature was forged.  NCUAB subsequently filed a Reply arguing that federal precedent disallowed the Trustee's argument.

Before the Bankruptcy Court ruled on the Motion for Relief from Stay, the Trustee filed an adversary proceeding to determine the validity, priority and extent of liens or other interests in real property.  The adversary action was premised on determining whether the NCUAB had a valid lien.  The parties briefed the issues and submitted stipulations of fact but before the Bankruptcy Court could rule on the briefs, NCUAB filed a Motion to Dismiss the Adversary Proceeding for lack of jurisdiction because the Trustee failed to file an administrative claim as required by FIRREA.  The Bankruptcy Court ultimately granted NCUAB's Motion to Dismiss, finding that it lacked jurisdiction due to the Trustee's failure to file an administrative claim.  The Trustee appeals this decision of the Bankruptcy Court.

**LAW AND ANALYSIS**

**Standard of Review**

Pursuant to 28 U.S.C. § 158(a), the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court, from interlocutory orders and decrees of bankruptcy judges.  The dismissal of the Trustee's Amended Complaint is a final order.  See *In re Murray, Inc.* 392 B.R. 288, 292 (6th Cir. BAP,2008) ("The dismissal of the Trustee's complaint is a final order as it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

"The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error.  *In re Lamar Crossing Apartments, L.P.* 464 B.R. 61,  2011 WL 6155714, 1 ( 6th Cir., B.A.P Sept. 20, 2011) "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* ( *In re Morgeson* ), 371 B.R. 798, 800 (6th Cir. B.A.P. 2007).  The bankruptcy court's "finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' *Lamar*, 464 B.R. at 1 quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985).

Bankruptcy Rule 8012 provides for oral arguments unless the District Judge determines after examination of the briefs and record that oral argument is not needed.  The parties' requests for oral argument are denied because the briefs and record adequately present the facts and legal arguments.

The Federal Credit Union Act of 1934 is a "comprehensive scheme designed to protect the interests of creditors of defunct federal credit unions." *National Credit Union*

4

*Admin. Bd. v. Lormet Community Federal Credit Union*, 1:10CV 1964, 2010 WL 4806794, 2
(N. D.Ohio, Nov. 18, 2010). "The FCUA contains a detailed administrative claims procedure,
pursuant to which all creditors must submit claims. The purpose of the statute is to afford
plaintiff, an arm of the executive branch of the government, with the ability to assess and
quickly disburse the funds due to creditors of a defunct federal credit union. To that end, the
statute precludes judicial review until after the administrative claims procedure is complete."
*Id* at 4.

  "In 1989 Congress passed the Financial Institutions Reform, Recovery and
Enforcement Act ("FIRREA"). FIRREA's purpose is to strengthen government regulation of
federally chartered or insured financial organizations." *National Credit Union Admin. Bd. v.
Nomura Home Equity Loan, Inc.,* 764 F.3d 1199, 1220 (10th Cir. 2014) *citing United States v.
Winstar Corp.,* 518 U.S. 839, 844 (1996). Congress added the administrative claim procedure
and jurisdictional bar to the FCUA as part of FIRREA in 12 U.S.C. § 1787. For purposes of
this appeal, the relevant provision of FIRREA, § 1787(b)13)(D), reads:

  D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over--

  **(i)** any claim or action for payment from, or any action seeking a determination
  of rights with respect to, the assets of any credit union for which the Board has
  been appointed liquidating agent, including assets which the Board may
  acquire from itself as such liquidating agent; or

  **(ii)** any claim relating to any act or omission of such credit union or the Board
  as liquidating agent.

  While there is a dearth of caselaw concerning the administrative filing requirement
regarding credit unions,  the Court and parties agree it is useful to consider caselaw pertaining

5

to the nearly identical language in FIRREA concerning administrative exhaustion requirements against the FDIC for claims made against a financial institution in FDIC receivership.

**Does the FCUA administrative bar trump the bankruptcy court's jurisdiction over the subject property**

According to the Bankruptcy Court's opinion, the timeline of events plays a key role in deciding the jurisdictional issue.  Here, the NCUAB placed St. Paul's into receivership and appointed itself as liquidating agent in 2010.   Debtors did not file their bankruptcy petition until 2012 and thereafter the trustee filed his adversary proceeding.  Therefore, the Bankruptcy Court could not acquire jurisdiction over the avoidance action because the bankruptcy action was filed after the receivership was established.  The Bankruptcy Court relied on the Sixth Circuit's holding in *FSB v. Boyd,* 398 F.3d 735 (6th Cir. 2005).  In *FSB*, a Chapter 7 trustee brought an adversary proceeding to avoid a mortgage.  After debtor had filed for bankruptcy, the bank holding the mortgage on debtor's real property was placed in receivership by the FDIC.  The bankruptcy court determined the trustee could avoid the bank's mortgage and the trustee filed a notice of intent to sell the property.  Shortly thereafter, the bank asserted the bankruptcy court lacked jurisdiction over the matter under the administrative exhaustion provision of FIRREA.

In reviewing the provisions of FIRREA analogous to the statutory language confronting this Court, the Sixth Circuit first determined that the exhaustion provision applied not only to creditors as the trustee argued but also debtors.  ("We, therefore, decline to hold that § 1821(d)(13)(D) does not apply simply because the person asserting the claim, in this

case the trustee, is not a creditor of the bank.")  *FSB,* 398 at 742.   The Sixth Circuit then considered whether the bankruptcy court retained jurisdiction over the matter because the bankruptcy action was filed prior to the bank being placed in receivership.  The Sixth Circuit recognized a split amongst the circuit courts on the issue but determined that FIRREA did not strip a bankruptcy court's jurisdiction when an FDIC receiver is appointed after the bankruptcy court had acquired jurisdiction.  However, the Sixth Circuit expressly held, "Section 1821(d)(13)(D) precludes a court from acquiring jurisdiction after the receiver is appointed." *Id*. at 744.  Given such an unequivocal holding, the Court holds that the bankruptcy court's jurisdiction over property of an estate does not trump the jurisdiction of NCUAB on post receivership claims against a credit union in receivership.  However, this does not definitively determine the issue because the Trustee further contends his action is not a "claim" under the FIRREA.

**Is an adversary proceeding to determine the rights and interests in real property subject to the adminsitrative claim prcedure of FIRREA.**

The Trustee next argues that his Adversary Proceeding is not a "claim" but is in fact an affirmative defense intended to oppose the NCUAB's attempt to lift the stay.  Therefore, it is not subject to the claim procedure of the FIRREA and does not trump the Bankruptcy Court's jurisdiction over the real property at issue.

The NCUAB contends the Trustee's Adversary Proceeding is not an affirmative defense because the Trustee is bringing the action as a plaintiff.  Furthermore, the Trustee's Adversary Proceeding seeks a determination on the rights to an asset of the Liquidating Agent.  Because 12 U.S.C. §1787(b)(13)(D) proscribes court jurisdiction over "any claim or

action for payment from...  assets of any credit union for which the Board has been appointed liquidating agent" and also "any action seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent..." the Trustee's argument that his Adversary Proceeding is not a claim fails.  Although it is not claim, the Adversary Proceeding  is unquestionably an action seeking a determination of rights of the asset of a credit union which subjects it to the exclusive jurisdiction of the NCUAB pending exhaustion of the administrative process.

The Bankruptcy Court agreed with the NCUAB, finding the Trustee's action was an action with respect to an asset of a failed credit union and was not an affirmative defense.

The Court agrees with the Bankruptcy Court's holding.  At the outset, it appears both the Trustee and the NCUAB acknowledge the Trustee's Adversary Proceeding does not involve a "claim" under 12 U.S.C. § 1787(b)(13).  See Appellee's Brief page 19 footnote 5 ("The Trustee's Amended Complaint is properly referred to under 12 U.S.C. § 1787(b)(13)(D) as "an action seeking a determination of rights', not a 'claim or action for payment from' as used in 12 U.S.C. § 1787(b)(13)(D).") See also Brief of Appellant page 10 (..the nature of the A.P. was not a "claim" that could have been brought under the FIRREA administrative claims process...").

Furthermore, the Trustee's Adversary Proceeding is unquestionably an attempt to determine who has the right to administer the real property at issue because, according to the Trustee, it is the property of the bankruptcy estate.  The NCUAB contends it is the property of the Liquidating Agent.  The Adversary Proceeding as described by the Trustee, is an action seeking "a determination of the validity, priority, and extent of NCUAB's professed lien on

the Real Property." (Trustee Reply pg. 7). Regardless of whether the Trustee's action is brought as a plaintiff, which it unquestionably is, or as a defense to NCUAB's Motion to Lift the Stay, the nature of the Trustee's action seeks a determination of the rights to the real property at issue. Such an action is subject to FIRREA's exhaustion requirement. "The purpose of the exhaustion requirement is to make persons with claims against bank funds or property submit them promptly in a single administrative forum." *Bolduc v. Beal Bank, SSB*, 167 F.3d 667, 671 (1st Cir. 1999). See also *Rosa v. Resolution Trust Corp.* 938 F.2d 383, 393 (3rd Cir.1991) ("Thus the bar embodied in clause (i) reaches (1) claims for payment from the assets of City Federal or City Savings Bank, (2) actions for payment from those assets and (3) actions for a determination of rights with respect to those assets."). Thus, courts that have considered similar arguments have concluded that the administrative bar applies not only to monetary claims made against the failed credit union but also any action for determining the rights in an asset of the credit union. As the Court in *Lormet* held, "Rather, the provision expressly provides that judicial review is precluded not only for claims involving money damages, but also with respect to "any action seeking a determination of rights with respect to [ ] the assets." Thus, provided the "claim" involves a determination of the rights with respect to assets of the credit union, the claim must first be pursued administratively." *Lormet* at *5.

Given that the Liquidating Agent's authority over the property predated the bankruptcy, the Trustee cannot transfer jurisdiction to the Bankruptcy Court over the property via a prospective adversary proceeding, regardless whether it be in the nature of a defensive or offensive action insofar as the Trustee's action ultimately seeks a determination of the rights to an asset of the credit union.

9

**<u>Whether the Trustee's Adversary Proceeding is a claim under the FIRREA and whether
the Trustee was permitted to rely on  NCUAB's instructions</u>**

As stated above, the Court has already determined that the Trustee's Adversary
Proceeding involves an action seeking a determination of rights of an asset of a credit union,
making it subject to FIRREA's exhaustion requirement.  The Trustee argues that the actual
claim notice and claim form are limited to money claims and make no provision for a
determination of rights.  In fact, the General Information and Instructions for Completing the
Proof of Claim Form reads in pertinent part "If the institution does not currently owe you any
money, it is not necessary for you to complete this form."  (ECF #9-1).  Therefore, the
Trustee asserts the claim form did not cover the issues presented in his Adversary Proceeding
and he was entitled to rely on the instructions and not file a claim with the Liquidating Agent.

NCUAB argues the claim form expressly contains a "Description of Claim" box in
Section 5 of the Proof of Claim Form which allowed the Trustee to assert the bankruptcy
estate's challenge to the real property at issue.  By failing to do so, the Trustee is foreclosed
from asserting his challenge and the Court is without subject matter jurisdiction to determine
the issue.

The Bankruptcy Court, in addressing this issue, held that § 1787(b)(13)(D)'s
jurisdictional bar applied not only to creditors but also debtors of the failed credit union.  In
so holding, the Bankruptcy Court relied on the Sixth Circuit decision in *Lewis*.  The
Bankruptcy Court never addressed the express language of the claim form or its instructions.

Because the Sixth Circuit has expressly determined that debtor actions against an asset
of a failed credit union are subject to the administrative process of FIRREA, the Court is

unable to conclude that the claim form denied the Trustee due process to submit his action for a determination of rights to an asset.  The claim form contained a description box for the Trustee to assert his action.  The Trustee has provided no caselaw standing for the proposition that a claim form that contemplates only money claims deprives a claimant of due process for an action seeking a determination of rights to an asset of the failed credit union.  The Trustee could have described his argument in the description box of the claim form and there is no argument that such an action would not have been addressed by the NCUAB.  Without even attempting to do so, the Trustee cannot plausibly assert that his action would not have been addressed, nor has he made a sufficient demonstration that such an attempt would have been futile.  By failing to assert his action, the Bankruptcy Court held, and this Court agrees, that the Bankruptcy Court was without subject matter jurisdiction to entertain the action.

Therefore, for the foregoing reasons, the Court affirms the decision of the Bankruptcy Court dismissing the Trustee's Adversary Proceeding, holding it was without jurisdiction over the Trustee's action to determine rights to the real property at issue.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  July 20, 2015